29 C.C.P.A.(Patents)

## In re ZALKIND.

### Patent Appeal No. 4549.

Court of Customs and Patent Appeals.
March 30, 1942.

Samuel Ostrolenk, of New York City (Sidney G. Faber, of New York City of counsel), for appellant.

W. W. Cochran, of Washington, D.C. (Clarence W. Moore, of Washington, D.C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting claims 3, 6 to 9 inclusive and 11 to 18 inclusive of an application for a patent claiming new and useful improvements in fiber board containers of the cabinet type. Three claims were allowed.

The application serial No. 179,765, filed December 14, 1937, is a division of an earlier application, serial No. 690,360, filed September 21, 1933, which matured into patent No. 2,118,011, dated May 17, 1938.

All of the claims were finally rejected by the examiner on the ground of estoppel, stated to have arisen from an interference No. 68,364, involving the instant application, an application, serial No. 637,938, of Reginald Wurzburg and a reissue application, serial No. 735,714, of Frank D. Jonas, which subsequently to the termination of the interference, ripened into reissue patent No. 21,287, dated December 5, 1939.

Claims 6 to 9 inclusive and 11 to 16 inclusive were further rejected for the stated reason that they distinguish over the disclosure of the Jonas patent only by the addition of old features.

Claims 3, 17 and 11 are illustrative of the claims before us and read as follows:

"3. In a collapsible file case, a shell formed from a blank of fibrous sheet material, said shell having an open front end and top, bottom and side walls and fold lines between adjacent walls whereby adjacent walls are movable angularly relative to each other to permit flat collapse of said shell; extensions from said top, bottom and side walls at said open front, said extensions being folded in to provide reinfórcements for the said open front, the folded portions of one pair of walls fitting between the reinforcements of the other pair and being of sufficient thickness to lock said latter pair in place, said extensions being of a length to form marginal reinforcement for said open front."

"17. A file case as described, comprising a shell of fibre board, said shell having top, bottom, and side walls united to form an open-ended shell having its open end lying in a vertical plane, extensions on the top, bottom and side walls folded into the shell to form reenforcements for the open end thereof, the folded extensions of the side walls lying between the folded extensions of the top and bottom walls and being of sufficient thickness to lock them in place."

"11. A casing member of the class described comprising top, bottom and side walls, formed of foldable sheet material; an open end; fold lines defining wall portions and serving as corner edges between said top, bottom and side walls; wall extensions hingedly connected at said open end and comprising portions forming a plurality of folds, including folds secured together, providing marginal reinforcement at said open end when the casing is set up and said extensions are folded in place against their respective walls."

The references cited are:

Labombarde, 1,565,166, December 8, 1925;
Fairchild, 1,619,608, March 1, 1927;
Graffenberger, 1,731,007, October 8, 1929;
Jonas, Re. 21,287, December 5, 1939.

The Labombarde patent relates to boxes, made of boxboard, which are shipped in flat condition and set up for use as desired. In flat condition, the boxboard is in the form of a blank, the extended walls of which are relatively short and folded inwardly when the box is set up.

The Fairchild patent relates to wrappers particularly adapted to protect electric incandescent lamps against breakage. The wrapper is made in the form of a flat blank of stout paper such as cardboard with short extended walls. In order to fit the wrapper for use the blank is folded to form the walls and the extensions are folded inwardly.

The Graffenberger patent relates to a box cut from one piece of stiff cardboard folded into shape. The piece is a blank with short extensions on the side piece parts thereof which extensions are folded inwardly.

The Jonas patent relates to filing containers of the sliding drawer type made from cardboard fiber or similar material and are designed to be shipped flat for setting up by the user. While the specification discloses a folding in of the extended walls constituting double thickness thereof, the patent expressly states as follows: "From the foregoing description it will be apparent that my invention resides in certain principles of construction which may be embodied in other physical forms without departure therefrom. I do not, therefore, desire to be strictly limited to the disclosure as given for purposes of illustration but

rather to the scope of the appended claim." And this statement is followed by the only claim in the patent which reads: "A file case as described, comprising a shell of fibre board, said shell having top, bottom, rear, and side walls united to form an open-ended shell having its open end lying in a vertical plane, extensions on the top, bottom and side walls folded into the shell to form reenforcements for the open end thereof, the folded extensions of the side walls lying between the folded extensions of the top and bottom walls and being of sufficient thickness to lock them in place."

The interference involved one count which was a claim taken from the Wurzburg application and which is allowed claim 1 of the application herein. Said claim reads as follows: "1. In a file case, a shell of fibre board said shell having its top, bottom and side members extended and folded in to provide reinforcements for the front end thereof, the folded portions of the top and bottom members fitting between those of the side members and being of sufficient thickness to lock the side folds in place."

The earlier application of appellant was involved in said interference with the said application of Wurzburg.

The reissue application of Jonas was involved in another interference, No. 68,359, with the application of Wurzburg and the application of Zalkind, serial No. 690,360. Jonas thus was apprised of the count in interference No. 68,364 between the applications of Wurzburg and Zalkind and moved under rule 109 of the Rules of Practice in the United States Patent Office to be included in that interference. Both Wurzburg and Zalkind opposed the motion on the ground that Jonas could not make the count. The Primary Examiner in a decision dated March 30, 1935, held that Jonas could make the count and on October 18, 1935, the Jonas application was added to interference No. 68,364.

In that interference no testimony was taken by Jonas, the senior party, who therefore was restricted to November 5, 1931, the filing date of his application for his original patent, for the reissue of which his application in interference was filed.

At the final hearing in interference No. 68,364 both Wurzburg and Zalkind attacked the right of Jonas to make the count for want of disclosure.

In the decision of the Examiner of Interferences, it appears that Zalkind took testimony, as to the right of Jonas to make the count, during the time granted Zalkind to take rebuttal testimony. That testimony was stricken on motion by Jonas and as set forth in the said decision no appeal was taken from the decision granting the motion. The Examiner of Interferences stated that, because of the granting of said motion, there was no new evidence presenting "a situation materially different from that considered by the primary examiner" and concluded that under rule 130 he could not reinvestigate the right of Jonas to make the count. Accordingly priority of invention of the subject matter there in issue was awarded to Jonas, the senior party.

Both the junior parties appealed to the Board of Appeals, from the decision of the Examiner of Interferences. Before the appeals were heard, upon motion duly granted Zalkind substituted his present application containing but a single claim, for his application serial No. 690,360.

The junior parties contended before the board that Jonas could not make the count and the board agreed with the contention. In reversing the decision of the Examiner of Interferences and awarding priority of the subject matter in issue to Zalkind the board stated as follows:

"This count specifies that the folded portions of the top and bottom members shall fit between the folded portions of the side members and shall be of sufficient thickness to lock the side folds in place.

"The Jonas application was added to this interference as the result of a motion brought in Interference No. 68,359, as stated on page 3 of the decision of the Examiner of Interferences. Appellants contend here, as they did in the other interference, that Jonas cannot make the count. This contention is set forth on page 7 of the Zalkind brief and we are satisfied that this contention should be upheld. The Jonas specification does not describe the invention nor suggest turning the shell on its side. We think it is clear that Jonas has no right to make the count."

A petition for reconsideration of its decision was then made to the board by the party Jonas, based upon his allegation that "the true substance of the invention" might be considered. The board denying the petition stated as follows:

"The interference is on a *specific count* and we are not at liberty to disregard *the limitations of this count* to arrive at what the petitioner terms, the real substance of the invention.

"We have stated that the reason why Jonas cannot make the *specific count* of the issue is because he does not describe the invention of the count. The question in this proceeding is priority of invention of the subject matter of the count. If Jonas does not disclose the subject matter of the count, he has no standing in the interference." (Italics supplied.)

Jonas did not appeal from the decision of the Board of Appeals but Wurzburg brought suit under section 4915 R.S., 35 U.S.C.A. § 63, and subsequently his suit was dismissed on his motion.

Following the termination of the interference proceeding the present application of appellant was passed to issue. It was later renewed with the claims here involved added thereto.

In applying the rule of estoppel in the present proceeding the Primary Examiner in his statement said as follows: "As nearly as we are able to interpret the language of the Board, the opinion was that the count limited the invention to a structure in which 'the folded portions of the top and bottom members shall fit between the folded portions of the side members and shall be of sufficient thickness to lock the side folds in place.' The invention was admittedly limited, and the Board did not think that the count should be read broadly. The Board evidently reversed the decision of the Interference Examiner only because they were unwilling to interpret the count with sufficient breadth so that the claim would read on the Jonas construction. The Board did not at any time say that Zalkind invented prior to Jonas, but merely that Jonas did not at any time disclose the narrow count of the interference, and that Zalkind was therefore the first inventor of that count." And concluded the statement in the following language: "It is thought that applicant does not have a right to present any of these claims; that he is estopped from presenting such claim because he was a junior party in an interference which was decided by the Interference Examiner in favor of the senior party, and in which this decision was reversed by the Board on the sole ground that the count was limited to structure which could be read on the senior party only by a distortion of the structure, since the senior party did not suggest turning the device through 90°. It is believed that if claim 3 had been presented as a count in such interference, such count would have been awarded to the senior party. Claim 17 likewise is specific to the construction of Jonas."

The Board of Appeals, affirming the decision of the examiner, stated as follows:

"Applicant was a junior party in Interference No. 68,364 in which Jonas was involved on a reissue application which finally resulted in the Jonas Reissue Patent No. 21,287. Zalkind was awarded priority on a count which specifies the folding of the top and bottom member extensions of the box between the folded extensions on the side members. This count was Zalkind's allowed claim 1. Jonas, one of appellant's opponents in the interference, has been allowed a claim for the reverse method of folding, which is the claim of the Reissue Patent No. 21,287, of which applicant's claim 17 on appeal is a duplicate.

"As we understand Zalkind's position, it is that he is entitled to claim 17 without an interference.

"Claims 7, 8, 9 and 13 refer to the degree of extension of the hinged elements which we do not regard as patentable over Zalkind's claims 3, 6, 11, 12, 14, 15, 16 and 18.

"There are only two ways to fold the hinged elements relative · to each other. Claim 1 of Zalkind states one way and the claim of the Jonas patent states the other way. The broad claims last referred to merely state, in addition to what Zalkind has already covered in his allowed claim 1, the subject matter of the claim in the Jonas patent.

"We do not believe applicant is entitled to the claim of the Jonas patent or to claims of similar import without an interference, and we agree with the examiner in his rejection of Zalkind's claims."

It is clear that the count in interference No. 68,364 and the claims here on appeal read upon the disclosure of the application of appellant. It is also clear that there is no disclosure in the Jonas reference limiting the juxtaposition of the top, bottom and side members to "the folded portions of the top and bottom members fitting between those of the side members and being of sufficient thickness to lock the side folds in place".

Appellant contends here as he contended below that because he was awarded priority of invention on the count in interference, under the doctrine of res judicata, he may present and should be allowed any other claims reading upon the device of Jonas.

It seems clear to us if the appealed claims 3, 17 and 18 had also been counts in interference No. 68,364, that as to those counts priority of invention would certainly have been awarded to Jonas. He was the senior party and neither of the Patent Office tribunals held that appellant disclosed either conception or reduction to practice at an earlier time than the filing date of appellant.

Appellant contends in his brief that he could not have moved to add to his application the claims on appeal, pursuant to rule 109 of the Rules of Practice in the United States Patent Office, 35 U.S.C.A. Appendix, since that would have required his admission that Jonas showed a construction which appellant argues Jonas did not possess. Jonas disclosed a reinforced filing cabinet and clearly the single claim in the Jonas reference reads on the specification therein and that is the claim which is substantially in haec verba with claim 17 on appeal.

■ It was the duty of appellant to have amended his single claim application so as to include in the interference all matters common to his and the Jonas application not within the scope of the count. This he did not do.

■ While we have been unable to find a case on all fours with the facts in the instant one, we are of opinion that the general principle applicable here was stated in the case of In re Long, 83 F.2d 458, 462, 23 C.C.P.A., Patents, 1078, 1084. In that case it was said: "* * * It is well-settled, however, that, if a party to an interference fails to submit subject-matter claimed in the application involved or in other applications belonging to him for a contest of priority where such subject-matter is claimed by his adversary or adversaries, he is afterwards barred from obtaining claims not so submitted or claims broader than the issue of the interference. It furthermore has been held that it is not only his duty to bring forward such subject-matter when the matter is claimed by his adversary but that it is also his duty to do so when such subject-matter is clearly disclosed by his adversary and not claimed. * * *"

There was no duty upon Jonas to amend his application. Rule 116 of the Rules of Practice in the United States Patent Office, adopted in its present form December 1, 1934, which was in effect at the time that the application of Jonas was added to the interference, expressly relieves the senior party of such a duty in circumstances such as obtain in the instant case. The rule reads as follows:

"Rule 116. The parties to an interference will be presumed to have made their inventions in the chronological order in which they filed their completed applications for patents clearly disclosing same; and the burden of proof will rest upon the party who shall seek to establish a different state of facts.

"The termination of the interference by dissolution under rule 122 without an award of priority shall not disturb this presumption, and a party enjoying the status of a senior party with respect to any subject-matter of his application shall not be deprived of any claim to such subject-matter solely on the ground that such claim was not added to the interference by amendment under rule 109."

■ Appellant opposed the right of Jonas to make the count all through the interference proceeding. This opposition was considered by the Examiner of Interferences as the equivalent of a motion to dissolve, referred to in Rule 130 of the Rules of Practice in the United States Patent Office, which indeed it was. It is clear that the Board of Appeals considered the said opposition in the same light.

■■ It is immaterial that in its decision the Board of Appeals awarded priority of the subject matter in interference to appellant here as far as the proceeding concerned the appellant and Jonas. An award of priority had to be made as between Wurzburg and Zalkind, but as to Jonas, even though the decision of the board did not in so many words state that the opposition of Zalkind (in effect a motion to dissolve) was sustained, nevertheless that is exactly what the decision of the board was intended to and did mean. It is our opinion that in interference proceedings wherein a motion to dissolve is either formally or in effect made and such a motion is granted, it does not matter whether the decision states that it awards priority or not, it is in reality the sustaining of a motion to dissolve.

■ In view of what has been hereinbefore set out we are of opinion that appellant was properly held to be estopped from claiming the subject matter of the claims on appeal without an interference.

Claims 3, 17 and 18 appear to read upon the device of the Jonas patent. The remaining claims 6 to 9 inclusive and 11 to 16 inclusive distinguish over the disclosure of the Jonas patent principally by reason of the fact that the extension members in the claims are much shorter than the full length from the front to the rear end of the casing and thereby result in merely a reinforcement of the open end of the casing. The length of these extensions in our opinion is only a matter of degree. Even if this were not so, it is old, as may be observed from the prior art, to employ short reinforcing extensions.

■ In our opinion the claims on appeal present nothing patentable over the Jonas reference, particularly in view of the other cited art, even though the reference may not disclose every limitation of all of said claims.

For the reasons hereinbefore set out, the decision of the Board of Appeals is affirmed.

Affirmed.